UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LOWE and DEIMANTE SEPELEVICIUTE,<br><br>Plaintiffs,<br><br>-against-<br><br>DOCUMENT PUBLISHING LLC et al.,<br><br>Defendants. | Case No. 1:23-cv-03203 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs filed their Complaint in the instant action on April 18, 2023. ECF No. 1. The Complaint alleges subject matter jurisdiction based on diversity of citizenship. *Id.* ¶ 6. It alleges that Plaintiffs are citizens of the United Kingdom, and that Defendant, Document Publishing LLC, is a "citizen of New York." *Id.* ¶ 6. Plaintiffs have not filed a disclosure statement pursuant to Federal Rule of Civil Procedure ("Rule") 7.1.

"For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (citing 28 U.S.C. § 1332(c)(1)). A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020).

Furthermore, "[d]iversity jurisdiction is defeated if there are foreign entities on both sides of the litigation." *Timsit v. Schwartz,* No. 20-cv-5446 (EK)(LB), 2020 WL 13581661, at

*1 (E.D.N.Y. Dec. 23, 2020) (citing *Bayerische Landesbank, NY Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). Thus, if even one member of Defendant LLC is a citizen of a foreign state the Court lacks diversity jurisdiction.  See *TLF CBRL LLC v. Societe Generale*, No. 20-cv-2367 (PKC), 2020 WL 1304143, at *1 (S.D.N.Y. Mar. 17, 2020) ("If one of the members of the plaintiff LLC or the plaintiff LP is a foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction.").

Rule 7.1 requires that a party file a disclosure statement "with its first" appearance or pleading.  The form, which is available at https://www.nysd.uscourts.gov/forms/rule-71-statement, further requires a plaintiff to "name and identify the citizenship" of each member of an LLC.  Plaintiffs have not satisfied these requirements here.

Accordingly, Plaintiffs shall, by **May 3, 2023**, file a completed Rule 7.1 Disclosure Statement, which shall include all necessary information to establish subject-matter jurisdiction based on diversity as set forth above.

Dated: April 26, 2023
    New York, New York

                                            SO ORDERED.

                                            _____
                                            JENNIFER L. ROCHON
                                            United States District Judge